NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0009n.06

No. 11-5998

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 03, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MICHAEL ADAM CARNEAL, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| COOKIE CREWS, Warden, | ) | District of Kentucky |
| | ) | |
| Respondent-Appellee. | ) | |

Before:     MARTIN and BOGGS, Circuit Judges; and COLLIER, District Judge.*

PER CURIAM. Petitioner Michael Carneal appeals from an order of the district court dismissing as untimely his petition for writ of habeas corpus. At age fourteen, Carneal killed three and wounded five of his classmates; his sole claim now is that he was not competent to plead guilty, due to an undiagnosed mental illness. Carneal pled guilty in 1998, but did not file for state post-conviction relief until 2004 and did not file for federal habeas relief until 2009. Although conceding that his petition was technically untimely under the one-year limitations period of the Antiterrorism and Effective Death Penalty Act, Carneal argued for equitable tolling of the limitations period on the basis of his paranoid schizophrenia, and statutory tolling during the pendency of his state petition. In particular, Carneal argued that his mental illness was undiagnosed and that thus his petition was

---

*The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

untimely because, while his schizophrenia remained untreated, he was unable to disclose the nature of his paranoid delusional system, fearing retribution from the voices in his head. Only once his mental condition improved with medication many years later was he able to talk to doctors and lawyers about the full extent of his hallucinations. Finding that Carneal had presented a colorable claim for equitable tolling on the basis of mental illness, the district court held a week of evidentiary hearings involving testimony from Carneal, his family, and medical experts. On the basis of reliable testimony from Carneal's treating psychiatrists at the prison, the district court concluded that Carneal was entitled to a period of equitable tolling, but not a period sufficient to render his petition timely. In addition, the district court found that Carneal's petition did not warrant statutory tolling, as his state petition was dismissed as untimely and thus it was not "properly filed" under AEDPA's tolling requirements. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Thus even if equitable tolling had been granted for the full period requested, Carneal's federal petition would still have been untimely.

Having had the benefit of oral argument and having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we are not persuaded that the district court erred in dismissing Carneal's petition.

Because the reasoning that supports dismissal has been articulated by the district court in its well-reasoned and thorough opinion, the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is **AFFIRMED** upon the reasoning employed by that court in its opinion filed on July 12, 2011.